JDG:AMC
F. #2011R00532

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

# 12 MISC 517

- - - - - - - - - - - - - - - - - - - - - x

IN THE MATTER OF AN APPLICATION          :
OF THE UNITED STATES OF AMERICA          :        SEALED APPLICATION
FOR AN ORDER AUTHORIZING THE             :
USE OF A PEN REGISTER AND A              :
TRAP AND TRACE DEVICE                    :
- - - - - - - - - - - - - - - - - - - - - x

        Anthony M. Capozzolo, an Assistant United States

Attorney for the Eastern District of New York, hereby applies to

the Court for an Order pursuant to 18 U.S.C. §§ 3122 and 3123,

authorizing for a period of 60 days the installation and use of

pen registers and trap and trace devices on (i) (917) 756-8365,

IMEI number 357889002584410, subscribed to by Ronn Torossian of

888 Seventh Avenue, Apartment 12, New York NY 10106 (ii) (917)

420-1036, IMEI number 011985007453300, subscribed to by Ofer

Biton of 200 East 64th St, Apartment 7A, New York NY 10065, (iii)

(832) 421-2819, IMEI number 013054000018368, subscribed to by

Diana Durand of 8815 Wheatland Drive, Houston TX 77064 and (iv)

(917) 805-6022, ESN number A100001AEE8577, subscribed to by

Michael Garibaldi of Centurian Consulting, Inc., 50 Borman

Avenue, Staten Island NY 10314-4957 (collectively the "SUBJECT

TELEPHONES"), telephones issued by AT&T Mobility and Cellco

Partnership, d/b/a Verizon Wireless (the "service providers").

        In support of this application I state the following:

1.    I am an Assistant United States Attorney in the
Office of Loretta E. Lynch, United States Attorney for the
Eastern District of New York.  As such, I am an "attorney for the
Government" as defined in Rule 1(b)(1) of the Federal Rules of
Criminal Procedure, and therefore, pursuant to 18 U.S.C. § 3122,
may apply for an Order authorizing the installation and use of
pen registers and trap and trace devices.

2.    The Court has authority to order the installation
and use of a pen register or a trap and trace device anywhere in
the United States if the Court finds that the attorney for the
government has certified to the Court that the information likely
to be obtained is relevant to an ongoing criminal investigation.
18 U.S.C. §§ 3122 and 3123.  As the United States Court of
Appeals for the Second Circuit has explained, an application for
a pen register or trap and trace device

> need only identify the applicant and the
> investigating law enforcement agency and
> certify that "the information likely to be
> obtained is relevant to an ongoing criminal
> investigation being conducted by that
> agency."  18 U.S.C. § 3122(b)(2).  The
> provision was not intended to require
> independent judicial review of relevance;
> rather, the reviewing court need only verify
> the completeness of the certification.

In re United States, 10 F.3d 931, 935 (2d Cir. 1993) (emphasis
added); accord In re Applications, 515 F. Supp. 2d 325, 329
(E.D.N.Y. 2007) (explaining "minimal requirement" of Section
3122(b)).

2

3.    Based on information provided to me by special agents of the Federal Bureau of Investigation (the "investigative agency"), I hereby certify that the investigative agency is conducting an ongoing criminal investigation into possible violations of federal criminal laws, including extortion, money laundering and federal election laws (i) in violation of 18 U.S.C. §§ 1951, 1956 and 1957 by Ronn Torossian and Ofer Bitor., (ii) in violation of 2 U.S.C. § 441e by Ofer Biton and Michael Grimm, also known as "Michael Garibaldi" and (iii) in violaticn of 2 U.S.C. § 441f by Ofer Biton, Diana Durand and Michael Grimm, also known as "Michael Garibaldi" and that the information likely to be obtained from pen registers and trap and trace devices cn the SUBJECT TELEPHONES is relevant to that investigation.

4.    On January 23, 2012, the Honorable Victor V. Pohorelsky issued an order authorizing the use of a pen registers and a trap and trace devices for telephone numbers (917) 756-8365, and (917) 420-1036 (Misc. Docket No. 12-047), which are two of the SUBJECT TELEPHONES, for a period of 60 days. On March 22, 2012, the Honorable Joan M. Azrack signed an Order re-authorizing pen registers and a trap and trace devices for telephone numbers (917) 756-8365, and (917) 420-1036 for an additional 60 days. A special agent of the investigative agency has advised me that

information obtained pursuant to the previous Orders furthered
the investigation by identifying possibly coconspirators.

5.    Based upon the above certification, the government
requests that the Court issue an Order that provides:

a.    Pursuant to 18 U.S.C. §§ 3122 and 3123,
authorization for the installation and use of a pen register to
record or decode dialing, routing, addressing, or signaling
information — excluding the decoding of post-cut-through dialed
digits ("PCTDD")[1] — transmitted from the SUBJECT TELEPHONES, to
record the date and time of such dialings or transmissions, and
to record the length of time the telephone receiver in question
is "off the hook" for incoming or outgoing calls for a period of
60 days.

b.    Pursuant to 18 U.S.C. §§ 3122 and 3123,
authorization for installation and use of a trap and trace device
on the SUBJECT TELEPHONES to capture and record the incoming

---

[1]    PCTDD "are digits that are dialed from a telephone
after a call is connected or 'cut-through.'" In re Application,
632 F. Supp. 2d 202, 203 n.1 (E.D.N.Y. 2008).    Pursuant to the
proposed Order to Service Provider, if possible, the provider
will forward only pre-cut-through-dialed digits to the
investigative agency.    If the provider's technical capabilities
require it to forward all dialed digits including PCTDD, however,
the investigative agency will only decode and forward to the
assigned special agents the numbers that are dialed before the
call is cut through.    Thus no PCTDD will be decoded or accessed
by anyone.    See id. at 204 n.3 ("It is irrelevant that the
provider will forward PCTDD to the Government and that the
Government will therefore be able, if it violates the court
order, to record and decode it.").

4

electronic or other impulses which identify the originating numbers or other dialing, routing, addressing, or signaling information reasonably likely to identify the sources of wire or electronic communications and to record the date, time and duration of calls created by such incoming impulses, for a period of 60 days, and that the tracing operations be without geographical limits.

       c.    Pursuant to 18 U.S.C. § 3123(b)(1)(C), authorization for the requested installation and use of a pen register and a trap and trace device to include the use of such a pen register and a trap and trace device on any changed telephone number assigned to an instrument bearing the same IMEI/ESN as the SUBJECT TELEPHONES, or any changed IMEI/ESN subsequently assigned to the same telephone number as the SUBJECT TELEPHONES, or any additional changed telephone number and/or IMEI/ESN, whether the changes occur consecutively or simultaneously, listed to the same subscriber and account number as the SUBJECT TELEPHONES within the 60-day period authorized by this Order.

      6.   The government further requests that the Court direct the service provider, and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order, to notify special agents of the investigative agency, upon oral or written request, of any and all changes (including

additions, deletions, and transfers) in service regarding the
SUBJECT TELEPHONES, including telephone numbers and subscriber
information (published and non-published, and excepting call
detail records as described in 18 U.S.C. § 2703(c)(2)(C))
associated with these service changes.

       7.    The government further requests that, pursuant to
18 U.S.C. § 3123(a)(1) and (b)(2), the Court direct that, upon
service of the Order upon them, the service provider and any
other person or entity providing wire or electronic communication
service in the United States whose assistance may facilitate
execution of the Order furnish the information, facilities, and
technical assistance necessary to accomplish unobtrusively the
installation and use of the pen register and trap and trace
device with compensation to be paid by the investigative agency
for reasonable expenses directly incurred in providing such
facilities and assistance.

       8.    The government further requests that the Order
direct the service provider, and any other person or entity
providing wire or electronic communication service in the United
States whose assistance is used to facilitate execution of the
Order, to furnish the results of the pen register and trap and
trace device installations to special agents of the investigative
agency as soon as practicable, and on a continuing basis, 24
hours a day for the duration of the Order.

9.     Finally, pursuant to 18 U.S.C. §§ 3123(d) and 2705(b), the government also requests that the service providers, and any other person or entity whose assistance is used to facilitate execution of the Orders be ordered not to disclose to the listed subscriber of the telephone, or to any other person (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider; and (c) the existence of the pen register and trap and trace device to the listed subscriber for the SUBJECT TELEPHONES, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONES, or to any other person, unless and until otherwise ordered by the Court. Any such disclosure might jeopardize this investigation because it would alert the target to the existence of this aspect of the investigation, particularly the ability of the government to learn the identity of whom the targets are calling with the SUBJECT TELEPHONES and might lead to the concealment of evidence and/or the flight of any of the targets. In this case, the government has interviewed Diana Durand and Durand may begin cooperating with the government. Furthermore, the government is planning to arrest Ofer Biton in the next few weeks. Disclosure of the application and Orders in this matter could harm the investigation because Durand remains in contact with Michael Grimm and such disclosure may likely cause Grimm to alter or terminate his communications

7

with Durand.  Furthermore, disclosure of the application and
Orders may cause Biton to alter or terminate communications with
Ronn Torossian, destroy evidence or flee the jurisdiction before
his arrest.

10.  No prior request for the relief set forth herein
has been made except to the extent set forth above.  The
foregoing is affirmed under the penalties of perjury.  See 28
U.S.C. § 1746.

Dated:    Brooklyn, New York
          August 3, 2012

                                    Anthony M. Capozzolo
                                    Assistant United States Attorney
                                    (718) 254-6454

F. #2011R00532

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

# 12 MISC 517

- - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION          :
OF THE UNITED STATES OF AMERICA          :    SEALED ORDER
FOR AN ORDER AUTHORIZING THE             :    TO SERVICE PROVIDER
USE OF A PEN REGISTER AND                :
A TRAP AND TRACE DEVICE                  :
- - - - - - - - - - - - - - - - - - - - x

WHEREAS this Court has, upon the application of the
United States of America, entered an Order pursuant to 18 U.S.C.
§§ 3121 et seq., authorizing the use of a pen register and a trap
and trace device for a period of 60 days on (917) 805-6022, ESN
number A100001AEE8577, subscribed to by Michael Garibaldi of
Centurian Consulting, Inc., 50 Borman Avenue, Staten Island NY
10314-4957 (the "SUBJECT TELEPHONE"), a telephone issued by
Cellco Partnership, d/b/a Verizon Wireless (the "service
provider"), in connection with an ongoing criminal investigation;

Now therefore, it is hereby:

1. ORDERED, pursuant to 18 U.S.C. § 3123, that
special agents of the Federal Bureau of Investigation (the
"investigative agency") may install, or cause to be installed,
and use a pen register to record or decode dialing, routing,
addressing, or signaling information transmitted from the SUBJECT
TELEPHONE to record the date and time of such dialings or
transmissions, and to record the length of time the telephone
receiver in question is "off the hook" for incoming or outgoing

1

calls for a period of 60 days, beginning at any time within 14
days from the date of this Order.

2.    IT IS FURTHER ORDERED that, to the extent possible
in light of the service provider's technical capabilities, the
service provider shall forward to the investigative agency only
those digits dialed before a call is cut-through.  However, to
the extent that the service provider is unable to exclude post-
cut-through dialed digits, the service provider shall forward all
dialed digits to the investigative agency.

3.    IT IS FURTHER ORDERED, pursuant to 18 U.S.C.
§ 3123, that special agents of the investigative agency may
install, or cause to be installed, and use a trap and trace
device on the SUBJECT TELEPHONE to capture and record the
incoming electronic or other impulses which identify the
originating number, or other dialing, routing, addressing, and
signaling information reasonably likely to identify the source of
a wire or electronic communication, and to record the date, time,
and duration of calls created by such incoming impulses, for a
period of 60 days, beginning at any time within 14 days from the
date of this Order, and that the tracing operations be without
geographical limits.

4.    IT IS FURTHER ORDERED, pursuant to 18 U.S.C.
§ 3123(b)(1)(C), that this authorization for the installation and
use of a pen register and a trap and trace device applies not

2

only to the telephone number listed above for the SUBJECT
TELEPHONE, but also to any changed telephone number assigned to
an instrument bearing the same IMEI/ESN as the SUBJECT TELEPHONE,
or any changed IMEI/ESN subsequently assigned to the same
telephone number as the SUBJECT TELEPHONE, or any additional
changed telephone number and/or IMEI/ESN, whether the changes
occur consecutively or simultaneously, listed to the same
subscriber and wireless telephone account number as the SUBJECT
TELEPHONE within the 60-day period authorized by this Order.

5.   IT IS FURTHER ORDERED that the service provider
and any other person or entity providing wire or electronic
communication service in the United States whose assistance is
used to facilitate execution of the Order notify special agents
of the investigative agency, upon oral or written request, of any
and all changes (including additions, deletions, and transfers)
in service regarding the SUBJECT TELEPHONE to include telephone
numbers and subscriber information (published and non-published,
and excepting call detail records, as described in 18 U.S.C.
§ 2703(c)(2)(C)) associated with these service changes.

6.   IT IS FURTHER ORDERED, pursuant to 18 U.S.C.
§ 3123(a)(1) and (b)(2), and 18 U.S.C. § 2703(c) and (d), that
upon service of this Order upon it, the service provider and any
other person or entity providing wire or electronic communication
service in the United States whose assistance is used to

3

facilitate execution of the Order shall furnish special agents of the investigative agency forthwith all information, including but not limited to telephone subscriber information, facilities, and technical assistance necessary to accomplish the installation and use of the pen register and trap and trace device unobtrusively and with minimum interference.

7.  IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order furnish the results of the pen register and trap and trace device installations to special agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

8.  IT IS FURTHER ORDERED that the service provider and any other person or entity that provides technical assistance in executing this Order be compensated by the investigative agency for reasonable expenses directly incurred in providing such assistance.

9.  IT IS FURTHER ORDERED that this Order shall be sealed until otherwise ordered by the Court, except that copies may be retained by the United States Attorney's Office, the investigative agency, the service provider and any other person or entity whose assistance is used to execute this Order.

4

**10.**   IT IS FURTHER ORDERED, finally, that unless and until otherwise ordered by the Court, the service provider and its representatives, agents and employees, and any other person or entity providing technical assistance in executing this Order shall not disclose until further notice in any manner, directly or indirectly, by any action or inaction: (a) the existence of the Order of Authorization; (b) the existence of the Order to the Service Provider; and (c) the existence of the pen register and trap and trace device to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated:    Brooklyn, New York
          August 3, 2012

s/Roanne L. Mann

UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

5

F. #2011R00532

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**12 MISC 517**

- - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION :
OF THE UNITED STATES OF AMERICA :     SEALED ORDER
FOR AN ORDER AUTHORIZING THE :         TO SERVICE PROVIDER
USE OF A PEN REGISTER AND :
A TRAP AND TRACE DEVICE :
- - - - - - - - - - - - - - - - - - - x

       WHEREAS this Court has, upon the application of the

United States of America, entered an Order pursuant to 18 U.S.C.

§§ 3121 et seq., authorizing the use of a pen register and a trap

and trace device for a period of 60 days on (i) (917) 756-8365,

IMEI number 357889002584410, subscribed to by Ronn Torossian of

888 Seventh Avenue, Apartment 12, New York NY 10106 (ii) (917)

420-1036, IMEI number 011985007453300, subscribed to by Ofer

Biton of 200 East 64th St, Apartment 7A, New York NY 10065, and

(iii) (832) 421-2819, IMEI number 013054000018368, subscribed to

by Diana Durand of 8815 Wheatland Drive, Houston TX 77064

(collectively the "SUBJECT TELEPHONES"), all of which were issued

by AT&T Mobility (the "service provider"), in connection with an

ongoing criminal investigation;

       Now therefore, it is hereby:

       1.   ORDERED, pursuant to 18 U.S.C. § 3123, that

special agents of the Federal Bureau of Investigation (the

"investigative agency") may install, or cause to be installed,

and use pen registers to record or decode dialing, routing,

addressing, or signaling information transmitted from the SUBJECT

TELEPHONES to record the date and time of such dialings or transmissions, and to record the length of time the telephone receiver in question is "off the hook" for incoming or outgoing calls for a period of 60 days, beginning at any time within 14 days from the date of this Order.

2.   IT IS FURTHER ORDERED that, to the extent possible in light of the service provider's technical capabilities, the service provider shall forward to the investigative agency only those digits dialed before a call is cut-through.  However, to the extent that the service provider is unable to exclude post-cut-through dialed digits, the service provider shall forward all dialed digits to the investigative agency.

3.   IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123, that special agents of the investigative agency may install, or cause to be installed, and use a trap and trace devices on the SUBJECT TELEPHONES to capture and record the incoming electronic or other impulses which identify the originating number, or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication, and to record the date, time, and duration of calls created by such incoming impulses, for a period of 60 days, beginning at any time within 14 days from the date of this Order, and that the tracing operations be without geographical limits.

2

4.    IT IS FURTHER ORDERED, pursuant to 18 U.S.C.
§ 3123(b)(1)(C), that this authorization for the installation and
use of pen registers and a trap and trace devices applies not
only to the telephone numbers listed above for the SUBJECT
TELEPHONES, but also to any changed telephone number assigned to
an instrument bearing the same IMEI/ESN as any of the SUBJECT
TELEPHONES, or any changed IMEI/ESN subsequently assigned to the
same telephone number as any of the SUBJECT TELEPHONES, or any
additional changed telephone number and/or IMEI/ESN, whether the
changes occur consecutively or simultaneously, listed to the same
subscriber and wireless telephone account number as any of the
SUBJECT TELEPHONES within the 60-day period authorized by this
Order.

5.    IT IS FURTHER ORDERED that the service provider
and any other person or entity providing wire or electronic
communication service in the United States whose assistance is
used to facilitate execution of the Order notify special agents
of the investigative agency, upon oral or written request, of any
and all changes (including additions, deletions, and transfers)
in service regarding the SUBJECT TELEPHONES to include telephone
numbers and subscriber information (published and non-published,
and excepting call detail records, as described in 18 U.S.C.
§ 2703(c)(2)(C)) associated with these service changes.

3

6.   IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(a)(1) and (b)(2), and 18 U.S.C. § 2703(c) and (d), that upon service of this Order upon it, the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order shall furnish special agents of the investigative agency forthwith all information, including but not limited to telephone subscriber information, facilities, and technical assistance necessary to accomplish the installation and use of the pen registers and trap and trace devices unobtrusively and with minimum interference.

7.   IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order furnish the results of the pen register and trap and trace device installations to special agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

8.   IT IS FURTHER ORDERED that the service provider and any other person or entity that provides technical assistance in executing this Order be compensated by the investigative agency for reasonable expenses directly incurred in providing such assistance.

4

9.    IT IS FURTHER ORDERED that this Order shall be sealed until otherwise ordered by the Court, except that copies may be retained by the United States Attorney's Office, the investigative agency, the service provider and any other person or entity whose assistance is used to execute this Order.

10.    IT IS FURTHER ORDERED, finally, that unless and until otherwise ordered by the Court, the service provider and its representatives, agents and employees, and any other person or entity providing technical assistance in executing this Order shall not disclose until further notice in any manner, directly or indirectly, by any action or inaction: (a) the existence of the Order of Authorization; (b) the existence of the Order to the Service Provider; and (c) the existence of the pen registers and trap and trace devices to the listed subscribers for the SUBJECT TELEPHONES, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONES, or to any other person.

Dated:    Brooklyn, New York
          August 3, 2012

                    s/Roanne L. Mann

                    UNITED STATES MAGISTRATE JUDGE
                    EASTERN DISTRICT OF NEW YORK

5

F. #2011R00532

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**12 MISC 517**

- - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION   :
OF THE UNITED STATES OF AMERICA   :
FOR AN ORDER AUTHORIZING THE      :          SEALED ORDER
USE OF A PEN REGISTER AND A       :          OF AUTHORIZATION
TRAP AND TRACE DEVICE             :
- - - - - - - - - - - - - - - - - - - - x

This matter comes before the Court pursuant to an

application by Assistant United States Attorney, an attorney for

the Government as defined by Rule 1(b)(1) of the Federal Rules of

Criminal Procedure and a duly-authorized representative of a

"governmental entity" under 18 U.S.C. § 2703(c) and (d)

requesting an Order pursuant to 18 U.S.C. §§ 3122 and 3123,

authorizing for a period of 60 days the installation and use of a

pen register and a trap and trace device on (i) (917) 756-8365,

IMEI number 357889002584410, subscribed to by Ronn Torossian of

888 Seventh Avenue, Apartment 12, New York NY 10106 (ii) (917)

420-1036, IMEI number 011985007453300, subscribed to by Ofer

Biton of 200 East 64th St, Apartment 7A, New York NY 10065, (iii)

(832) 421-2819, IMEI number 013054000018368, subscribed to by

Diana Durand of 8815 Wheatland Drive, Houston TX 77064 and (iv)

(917) 805-6022, ESN number A100001AEE8577, subscribed to by

Michael Garibaldi of Centurian Consulting, Inc., 50 Borman

Avenue, Staten Island NY 10314-4957 (collectively the "SUBJECT

TELEPHONES"), telephones issued by AT&T Mobility and Cellco

Partnership, d/b/a Verizon Wireless (the "service providers").

UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS
THAT, pursuant to 18 U.S.C. § 3123, Applicant has certified that
the information likely to be obtained by use of a pen register
and a trap and trace device is relevant to an ongoing criminal
investigation being conducted by the Federal Bureau of
Investigation (the "investigative agency") into possible
violations of federal criminal laws, including extortion, money
laundering and federal election laws (i) in violation of 18
U.S.C. §§ 1951, 1956 and 1957 by Ronn Torossian and Ofer Biton,
(ii) in violation of 2 U.S.C. § 441e by Ofer Biton and Michael
Grimm, also known as Michael Garibaldi and (iii) in violation of
2 U.S.C. § 441f by Ofer Biton, Diana Durand and Michael Grimm,
also known as Michael Garibaldi and that the information likely
to be obtained from pen registers and trap and trace devices on
the SUBJECT TELEPHONES is relevant to that investigation.

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 3123,
that special agents of the investigative agency may install, or
cause to be installed, and use pen registers to record or decode
dialing, routing, addressing, or signaling information
transmitted from the SUBJECT TELEPHONES — excluding the decoding
of post-cut-through dialed digits ("PCTDD")[1] — to record the date

---

[1]     PCTDD "are digits that are dialed from a telephone
after a call is connected or 'cut-through.'"  In re Application,
632 F. Supp. 2d 202, 203 n.1 (E.D.N.Y. 2008).  Pursuant to the
proposed Order to Service Provider, if possible, the provider
will forward only pre-cut-through-dialed digits to the

and time of such dialings or transmissions, and to record the length of time the telephone receiver in question is "off the hook" for incoming or outgoing calls for a period 60 days, beginning at any time within 14 days from the date of this Order, and that the tracing operations be without geographical limits.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123, that special agents of the investigative agency may install, or cause to be installed, and use trap and trace devices on the SUBJECT TELEPHONES to capture and record the incoming electronic or other impulses which identify the originating number, or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication, and to record the date, time, and duration of calls created by such incoming impulses, for a period of 60 days, beginning at any time within 14 days from the date of this Order, and that the tracing operations be without geographical limits.

IT IS FURTHER ORDERED that this authorization for the installation and use of a pen register and a trap and trace device applies not only to the telephone numbers listed above for

---

investigative agency. If the provider's technical capabilities require it to forward all dialed digits including PCTDD, however, the investigative agency will only decode and forward to the assigned special agents the numbers that are dialed before the call is cut through. Thus no PCTDD will be decoded or accessed by anyone. See id. at 204 n.3 ("It is irrelevant that the provider will forward PCTDD to the Government and that the Government will therefore be able, if it violates the court order, to record and decode it.").

3

the SUBJECT TELEPHONES, but also to any changed telephone number assigned to an instrument bearing the same IMEI/ESN as any of the SUBJECT TELEPHONES, or any changed IMEI/ESN subsequently assigned to the same telephone number as any of the SUBJECT TELEPHONES, or any additional changed telephone number and/or IMEI/ESN, whether the changes occur consecutively or simultaneously, listed to the same subscriber and wireless telephone account number as any of the SUBJECT TELEPHONES within the 60-day period authorized by this Order.

IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order notify special agents of the investigative agency, upon oral or written request, of any and all changes in service regarding the SUBJECT TELEPHONES to include telephone numbers and subscriber information (published and non-published and excepting call detail records as described in 18 U.S.C. § 2703(c)(2)(C)) associated with these service changes.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(a)(1) and (b)(2), and 18 U.S.C. § 2703(c) and (d), that upon service of this Order upon it, the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate

4

execution of the Order shall furnish special agents of the investigative agency forthwith all information, including but not limited to telephone subscriber information, facilities, and technical assistance necessary to accomplish the installation and use of the pen registers and trap and trace devices unobtrusively and with minimum interference.

IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order furnish the results of the pen register and trap and trace device installations to special agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

IT IS FURTHER ORDERED that the service provider and any other person or entity whose assistance is used to facilitate this Order be compensated by the investigative agency for reasonable expenses directly incurred in providing such assistance.

Good cause having been shown, IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(d) and 2705(b), that this Order and the application be sealed until otherwise ordered by the Court, and that the service provider, its representatives, agents and employees, and any other person or entity involved in facilitating this Order shall not disclose in any manner,

5

directly or indirectly, by any action or inaction, (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider; and (c) the existence of the pen registers and trap and trace devices to the listed subscriber for the SUBJECT TELEPHONES, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONES, or to any other person.

Dated:    Brooklyn, New York
          August 3, 2012

s/Roanne L. Mann

UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK